Curia, per Evans, J.
The verdict in this case is right upon ®two grounds. The warranty is an indemnity against loss, and without loss there can be no claim for.abatement in the price, by way of discount. A' discount must be something capable of valuation — something which can be estimated in money. There were so many contingencies in this case, and it was so uncertain whether the title would ever prove defective, that I think the jury were right in allowing no abatement in the price.
2. I think, they were at liberty to conclude from the evidence, that when the note was renewed, there was a distinct understanding that every defence which existed before that time was waived. The evidence would have authorised the conclusion, and I know of no rule which requires that a waiver of a contract should be expressed directly in words. An agreement may be proved as well by the conduct of the parties as their words. The defendants are not prejudiced: they knew of the defect of title when they purchased, and if ever the remainder men should become entitled and recover the property, then there will be a clear breach of the warranty, and they can then bring their action.
The motion is dismissed.
Richardson, O’Neall, Earle and Butler, Justices, concurred.